IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CHAUNCY DESTRE BASHAM                                                                                  PLAINTIFF

v.                                          Civil No. 4:19-cv-4099

CHIEF OF POLICE BOB HARRISON,
Texarkana, Arkansas; OFFICER JOHN DOE,
Texarkana Police Department; CORPORAL
D. ROGERS, Miller County Detention Center;
SERGEANT J. GUTHRIE, Miller County
Detention Center; SHERIFF JACKIE RUNION,
Miller County, Arkansas; BUBBA GREEN
TOWING; OFFICER JOHN DOE, Texarkana,
Arkansas Police Department; JOHN DOE,
Administrative Officer, Miller County
Detention Center                                                                                          DEFENDANTS

## ORDER

This is a civil rights action filed by Plaintiff Chauncy Destre Basham pursuant to 42 U.S.C. § 1983. The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity, officer, or employee.

### I. BACKGROUND

Plaintiff filed his Complaint on August 21, 2019. (ECF No. 1). Plaintiff proceeds in this matter *pro se* and *in forma pauperis*. (ECF Nos. 1, 2, 3, 7). On September 11, 2019, the Court directed Plaintiff to file an amended complaint by October 2, 2019. (ECF No. 6). The Court also directed the Clerk of Court to mail Plaintiff a court-approved section 1983 form to use for filing the amended complaint and instructed that Plaintiff's amended complaint should include:

> short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3)

> exactly what the Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct. Plaintiff must repeat this process for each person he has named as a Defendant.

*Id.* (internal citation omitted).

Plaintiff filed his Amended Complaint on September 26, 2019. (ECF No. 7). Plaintiff lists the following Defendants in the Amended Complaint: Police Chief Bob Harrison; Sheriff Jackie Runyon; Sergeant D. Rogers; Sergeant J. Guthrie; Arresting Officer "John Doe,"; Sergeant Griffie; and Bubba Green of Bubba Green Towing. (ECF No. 7).

Plaintiff's first claim is for "medical care (bill)" with a date of occurrence of July 8, 2019. He lists Chief Bob Harrison and Patrol Officer "John Doe" in connection with this claim, naming them in both their official and individual capacities. Plaintiff's description of the acts or omissions forming the basis of this claim are as follows: "Officer 'John Doe' placed me in the back of a hot patrol car, which caused severe dehydration and a hospital bill in the amount of $2,454.86." When asked to describe a custom or policy that caused the violation of his constitutional rights, Plaintiff states "U.S. Constitution right Amend. 8. Excessive fines imposed." (ECF No. 7).

Plaintiff second claim is for "cruel and unusual punishment" with a date of occurrence of July 8, 2019. He lists Chief Bob Harrison and Patrol Officer "John Doe" in connection with this claim, naming them in both their official and individual capacities. Plaintiff's description of the acts or omissions forming the basis of this claim are as follows: "Officer 'John Doe' placed me in a hot squad car which caused me to be sick with severe dehydration." When asked to describe a custom or policy that caused the violation of his constitutional rights, Plaintiff states "U.S. Constitutional Right Amend. 8 cruel and unusual punishment." (ECF No. 7).

Plaintiff third claim is for "seizure of property" with a date of occurrence of July 8, 2019. He lists Chief Bob Harrison, Patrol Officer "John Doe," and Bubba Green as Defendants, naming

2

them in both their official and individual capacities Plaintiff's description of the acts or omissions forming the basis of this claim are as follows: "Patrol officer 'John Doe' pulled me over in my yard and had Bubba Green tow vehicle which cost $215.00." When asked to describe a custom or policy that caused the violation of his constitutional rights, Plaintiff states "U.S. Constitutional Right Amend. 8-4 Excessive fines imposed unreasonable seizure of property." (ECF No. 7).

Plaintiff seeks "[r]eimbursement for all costs incurred, towing fees, med bills, fines, court cost etc. My pain and suffering, loss of wages, precious family time. $300,000.00 and dismissal of all charges." (ECF No. 7).

## II. STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

# III. DISCUSSION

A federal cause of action exists for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. In order to state a claim under section 1983, plaintiff must allege that the defendant acted under color of state law and that he violated a right secured by the Constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999). The deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under section 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986).

**A. Claim One**

In his first claim, Plaintiff seems to be seeking relief due to fact that he incurred medical bills while in custody of the Texarkana, Arkansas Police Department. (ECF No. 7). As discussed below, this claim should be dismissed for failure to state a claim upon which relief can be granted.

"[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *County of Sacramento v. Lewis*, 523 U.S. 833, 851 (1998) (citation omitted). The Eighth Amendment prohibits cruel and unusual punishment and requires that the State provide medical care to any individual in custody. However, prisoners may be charged for medical care as long as they are not denied medical care due to an inability to pay. *See Roberson v. Bradshaw*, 198 F.3d 645, 647 (8th Cir. 1999) ("Roberson's primary complaint against the County is its policy of requiring inmates to pay for their own medications if they can afford to do so. That is not a federal constitutional violation.").

Plaintiff has not alleged that he was denied medical care because he could not pay for said medical care. Thus, Plaintiff has not asserted a viable individual capacity claim with respect to his medical bill. Plaintiff further fails to allege any plausible official capacity claim against either of the Defendants. Under section 1983, a defendant may be sued in either his individual or official capacity or both. *Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998). Official capacity claims are "functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). Accordingly, Plaintiff's official capacity claims are treated as claims against Miller County, Arkansas. *See Murray v. Lene*, 595 F.3d 868, 873 (8th Cir. 2010).

"[I]t is well established that a municipality [or county] cannot be held liable on a *respondeat superior* theory, that is, solely because it employs a tortfeasor." *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1214 (8th Cir. 2013). To establish [Defendant's] liability under section 1983, a "plaintiff must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity." *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009) (citation omitted).

In identifying "the custom or policy that you believe caused the violation of your constitutional rights," Plaintiff states: "U.S. Constitution right Amend. 8. Excessive fines imposed." (ECF No. 7). Plaintiff has identified no policy or custom of the Texarkana, Arkansas Police Department or the Miller County Detention Center which violated his rights. He, therefore, fails to state any plausible official capacity claim against either of the Defendants and those claims should be dismissed.

**B. Claim Two**

Plaintiff's second claim is for cruel and unusual punishment with respect to his allegations that to Officer "John Doe" placed him in a hot squad car, causing severe dehydration. Plaintiff names both Officer "John Doe" and Chief of Police Bob Harrison, in both their official and individual capacities to this claim.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (citation omitted). Further, "[a] supervisor is not vicariously liable under 42 U.S.C. § 1983 for an employee's unconstitutional activity." *White v. Holmes*, 21 F.3d 277, 280 (8th Cir. 1994). Instead, the supervisor must be personally involved in the alleged constitutional violation or his inaction must constitute deliberate indifference towards the constitutional violation. *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995). Because Plaintiff has failed to include any direct allegations against Defendant Harrison, he has failed to assert a viable individual capacity claim against Harrison and said claim should be dismissed.

Plaintiff further fails to allege any plausible official capacity claim against either of the Defendants. In identifying "the custom or policy that you believe caused the violation of your constitutional rights," Plaintiff states: "U.S. Constitutional Amend, 8 cruel and unusual punishment." (ECF No. 7 at 8). Plaintiff has identified no policy or custom of the Texarkana, Arkansas Police Department or the Miller County Detention Center which violated his rights. He, therefore, fails to state any plausible official capacity claim against either of the Defendants and those claims should be dismissed.

However, Plaintiff has stated a plausible individual capacity claim against Patrol Officer "John Doe." Accordingly, Plaintiff's individual capacity claim for cruel and unusual punishment

against Patrol Officer "John Doe" remains. The Court will give Plaintiff thirty (30) days to amend his complaint to identify the John Doe Defendant for purposes of service. If Plaintiff fails to identify the John Doe Defendant, the Court will dismiss the claim against him without prejudice.

**C. Claim Three**

In his third claim, Plaintiff asserts "seizure of property" against Patrol Officer "John Doe," Police Chief Bob Harrison, and Bubba Green. Plaintiff asserts that his vehicle was towed by Bubba Green after Patrol Officer "John Doe" pulled him over. Plaintiff's allegations do not rise to the level of a federal constitutional violation.

An unauthorized intentional deprivation of property by a state or county employee does not constitute a violation of the procedural requirement of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Arkansas law provides a post-deprivation remedy for a loss of property in the form of an action for the tort of conversion. *See Brown v. Blake*, 86 Ark. App. 107, 116-17, 161 S.W. 3d 298, 305 (2004). Plaintiff can assert a conversion claim in state court, so he does not have a valid federal claim under 42 U.S.C. § 1983. Accordingly, Plaintiff's claim for seizure of property fails and should be dismissed. Plaintiff has also identified no policy or custom of the Texarkana, Arkansas Police Department or the Miller County Detention Center which violated his rights. He, therefore, fails to state any plausible official capacity claim.

Moreover, Plaintiff's allegations do not support any plausible cause of action for relief under 42 U.S.C. § 1983 against Bubba Green Towing because Plaintiff has alleged no facts showing it was acting under color of state law. Instead, Plaintiff's allegations show that Bubba Green Towing was acting in its capacity as a private citizen. Accordingly, the Court finds that Bubba Green Towing is not a state actor and Plaintiff's claims against it should be dismissed.

### D. Other Defendants

"Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability on the part of a defendant, [a plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of [his] constitutional rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) (citation and internal quotation marks omitted). Merely listing a defendant in a case caption is insufficient to support a claim against that defendant. *Krych v. Hass*, 83 Fed. App'x. 854, 855 (8th Cir. 2003) (stating that court properly dismissed *pro se* complaint that was silent as to defendant except for his name appearing in caption).

Plaintiff names Defendants Runion, Rogers, Guthrie, and Griffie as defendants in this case but alleges no facts related to them. Thus, Plaintiff has failed to state facts showing that Defendants Runion, Rogers, Guthrie, and Griffie had any personal involvement in the alleged constitutional violations. Accordingly, Plaintiff's claims against Defendants Runion, Rogers, Guthrie, and Griffie should be dismissed without prejudice.

### IV. CONCLUSION

For the above-discussed reasons, the Court finds that some of Plaintiff's claims must be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i-ii) (providing that an *in forma pauperis* action, or any portion of it, may be dismissed at any time due to frivolousness or for failure to state a claim).

Accordingly, Plaintiff's first and third claims are hereby **DISMISSED WITHOUT PREJUDICE** as to all Defendants. Plaintiff's second claim is **DISMISSED WITHOUT PREJUDICE** with respect to the individual capacity claims against Defendant Police Chief Bob Harrison and with respect to all official capacity claims. **The Clerk of Court is directed to terminate Police Chief Bob Harrison from this action**. Furthermore, Plaintiff's claims against

Defendants Sherriff Jackie Runyon; Sergeant D. Rogers; Sergeant J. Guthrie; and Sergeant Griffie are **DISMISSED WITHOUT PREJUDICE**. **The Clerk of Court is directed to terminate Defendants Runyon, Rogers, Guthrie, and Griffie from this action.**

Plaintiff's sole remaining claim is the individual capacity claim against Patrol Officer "John Doe" for cruel and unusual punishment. **Plaintiff is directed to amend his complaint within thirty (30) days to include the John Doe Defendant's real name for service**. **Failure to comply with this order shall result in the dismissal of this action**.

**IT IS SO ORDERED**, this 8th day of November, 2019.

/s/ Susan O. Hickey  
Susan O. Hickey  
Chief United States District Judge