IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CHAUNCY DESTRE BASHAM                                                              PLAINTIFF

v.                                            Case No. 4:19-cv-04099

RICHARD CONKLETON                                                                  DEFENDANT

## **ORDER**

Before the Court is the Report and Recommendation filed on December 28, 2020, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 43). Judge Bryant recommends that the Court grant Defendant's Motion for Summary Judgment. (ECF No. 27). Plaintiff filed objections. (ECF No. 44). The Court finds the matter ripe for consideration.

## **I. BACKGROUND**

On August 21, 2019, Plaintiff filed his Complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1) and then filed his Amended Complaint on September 26, 2019. (ECF No. 7)[1]. On November 12, 2019, the Court dismissed a majority of the claims asserted in Plaintiff's Amended Complaint. (ECF No. 8). The only remaining claim is an individual capacity claim against Patrol Officer Richard Conkleton for cruel and unusual punishment. (ECF No. 8, 11, 12).

Judge Bryant's Report and Recommendation extensively sets out the factual background giving rise to Plaintiff's claims. (ECF No. 43). In short, Plaintiff alleges that he was subject to cruel and unusual punishment when Defendant placed him in a hot vehicle following his arrest.

---

[1] Plaintiff's Complaint (ECF No. 1) and Amended Complaint (ECF No. 7) refer to Defendant as "John Doe Officer" but his supplemental motion (ECF No. 11), identifies Defendant as Officer Richard Conkleton.

On August 7, 2020, Defendant filed a Motion for Summary Judgment. (ECF No. 27). On September 9, 2020, Plaintiff filed a Response in Opposition. (ECF No. 38). On September 17, 2020, Defendant filed a reply. (ECF No. 40).

On December 28, 2020, Judge Bryant filed the instant Report and Recommendation. Judge Bryant recommends that the Court grant Defendant's Motion for Summary Judgment. Specifically, Judge Bryant finds that the facts presented indicate that the force used to detain Plaintiff was objectively reasonable and not excessive.

## II. DISCUSSION

The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1). After conducting an appropriate review of the report and recommendation, the Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation." *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018). Generally, "objections must be timely and specific" to trigger *de novo* review. *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990). The Court applies a liberal construction when determining whether *pro se* objections are specific. *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995).

Pursuant to § 646(b)(1), the Court will conduct a *de novo* review of all issues related to Plaintiff's specific objection. Generally, Plaintiff objects to the Report and Recommendation's finding that the force used to detain him was objectively reasonable and not excessive.

Plaintiff filed what he styles as "written objection,[2]" and argues that Defendant's actions in placing him in a hot vehicle prior to transporting him to Miller County Detention Center ("MCDC") constitutes cruel and unusual punishment. Plaintiff also argues that he has incurred unnecessary medical bills due to the neglect of Defendant. Plaintiff states that he did not need to go to the hospital, nor did he want to, and Defendant forced him to go to the hospital to treat him for a suspected overdose.

In the instant motion, Defendant argues that he is entitled to summary judgment because he is entitled to qualified immunity. Determining whether a defendant is entitled to qualified immunity requires a two-step inquiry. *Jones v. McNeese*, 675 F.3d 1158, 1161 (8th Cir. 2012). First, the court must determine whether the plaintiff has alleged a deprivation of a constitutional right. *Cox v. Sugg*, 484 F.3d 1062, 1065 (8th Cir. 2007). If so, the court must decide whether the implicated right was clearly established at the time of the deprivation. *Jones*, 675 F.3d at 1161 (citing *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010) ). "Clearly established" means "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id.* (quoting *Anderson v. Creighton*, 483 U.S. 635, 640, (1987) ). For a right to be clearly established, "existing precedent must have placed the statutory or constitutional question beyond debate." *Smith v. City of Minneapolis*, 754 F.3d 541, 546 (8th Cir. 2014) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) ).

The Court will address Plaintiff's Eighth Amendment claim and determine whether Plaintiff has made an adequate showing of a violation of a constitutional right before determining whether the right was clearly established at the time of the alleged deprivation.

---

[2] As previously stated, the Court must liberally construe *pro se* objections to determine whether they are specifically responsive to a Report and Recommendation. In applying this liberal construction, the Court will review each of Plaintiff's objections even though they do not specifically reference the instant Report and Recommendation.

Even though Plaintiff cites to the Eighth Amendment's prohibition of cruel and unusual punishment, when a claim such as this arises in the context of an arrest, it is most properly characterized as one invoking the protections of the Fourth Amendment. *Graham v. Connor*, 490 U.S. 386, 395 (1989). *See also Brown v. City of Golden Valley*, 574 F.3d 491, 496 (8th Cir. 2009). In evaluating an excessive force claim under the Fourth Amendment, a court must consider whether the force was objectively reasonable under the circumstances, "rely[ing] on the perspective of a reasonable officer present at the scene rather than the '20/20 vision of hindsight.'" *Carpenter v. Gage*, 686 F.3d 644, 649 (8th Cir. 2012) (quoting *Graham v. Connor*, 490 U.S. 386 (1989)).

Plaintiff's primary argument is that he will succeed on the merits of his § 1983 claim against Defendant Conkleton because he endured cruel and unusual punishment when he was placed in the back of a hot car following his arrest. Plaintiff was placed in Defendant's patrol vehicle from approximately 10:59 p.m. to 11:23 p.m. The undisputed facts show that Defendant's vehicle was running, and the windows were down during the incident. (ECF No. 28-1, 28-2). The Court does not find Plaintiff's argument persuasive because the undisputed facts do not indicate that the vehicle was not properly ventilated. Further, Plaintiff was in the vehicle for less than thirty minutes and the sun was down at the time of the stop. Thus, the force used to detain Plaintiff in the vehicle was reasonable and not excessive.

While being transported to the MCDC after the stop, Plaintiff appeared to Defendant to be coming in and out of consciousness. Defendant immediately dispatched for an ambulance to take Plaintiff to the hospital. Plaintiff claims he was suffering a heat stroke but did not need to go to the hospital. Plaintiff's medical records do not show that he suffered a heat stroke but do show a positive screening for amphetamines. (ECF No. 28-5). Thus, Defendant's actions in calling an

ambulance to transport Plaintiff to the hospital after he continued to lose consciousness was reasonable and not excessive.

Accordingly, the Court agrees with Judge Bryant's assertion that Defendant has failed to demonstrate a constitutional violation. The facts presented indicate that the force used to detain Plaintiff was reasonable and not excessive. Additionally, since the facts do not make a constitutional violation, the Court does not need to discuss whether the constitutional right was clearly established at the time of the incident. *See, e.g., Krout v. Goemmer*, 583 F/3d 557, 564 (8th Cir. 2009). Thus, Defendant Conkleton is entitled to qualified immunity in regard to Plaintiff's individual capacity claim.

### III. CONCLUSION

Upon *de novo* review of the Report and Recommendation, and for the reasons discussed above, the Court finds that Plaintiff offers neither law nor fact which would cause the Court to deviate from Judge Bryant's Report and Recommendation. Accordingly, the Court hereby overrules Plaintiff's objections and adopts the Report and Recommendation (ECF No. 43) *in toto*. Defendant's Motion for Summary Judgment (ECF No. 27) is hereby **GRANTED**.

**IT IS SO ORDERED**, this 23rd day of February, 2021.

                                                /s/ Susan O. Hickey
                                                Susan O. Hickey
                                                Chief United States District Judge